1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | |
|---|---|
| ALONZO L. COLLINS, ) | Case No. CV 08-06988-MMM |
| Petitioner, ) | |
| ) | ORDER ADOPTING |
| vs. ) | REPORT AND |
| ) | RECOMMENDATION OF |
| CHARLES D. SHELDON, ) | UNITED STATES |
| ) | MAGISTRATE JUDGE |
| Respondent. ) | |
| ) | |

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has reviewed the instant Petition and other papers along with the attached Report and Recommendation of United States Magistrate Judge Jeffrey W. Johnson, and has made a de novo determination of the Report and Recommendation. The Court notes that on January 12, 2009, after the deadline for filing objections, petitioner filed a letter stating that he "elect[ed] to file [a] first amended petition," pursuant to the authorization set forth in Judge Johnson's Report and Recommendation. In the Report, Judge Johnson noted that petitioner could file an amended complaint only if it "show[ed] that petitioner [was] eligible to proceed with the" action. Judge Johnson also cautioned petitioner that any first amended petition would have to "be complete in and of itself without reference to any prior pleading." The document attached to petitioner's letter was merely a copy of various pages of

1    Judge Johnson's Report and Recommendation with cetain case numbers and dates

2    underlined.  It was not a first amended petition that explained petitioner's eight

3    and a half year delay in filing a federal habeas petition.

4        Petitioner's letter appears to assert that because he filed a direct appeal of

5    his conviction and sentence in the California Court of Appeal on October 29,

6    1998, he is entitled to statutory tolling.  This is incorrect.  Petitioner's state court

7    judgment did not become final until April 20, 1999, ninety days after the

8    California Supreme Court denied review of the Court of Appeal's decision on

9    petitioner's direct appeal.  The one-year statute of limitations under AEDPA runs

10   from that date.  To qualify for statutory tolling, petitioner had to initiate collateral

11   post-conviction proceedings within one year of April 20, 1999.  Since he did not

12   do so, he is not entitled to statutory tolling.  See 28 U.S.C. § 2244(d)(2); *Harris*

13   *v. Carter*, 515 F.3d 1051, 1053 n. 3 (9th Cir. 2008).

14       Petitioner suggests that the Court of Appeal "overlooked" the fact that the

15   Superior Court judge did not sign or stamp the abstract of judgment, and that it

16   is therefore "not [his] fault" that he "miss[ed]" the ADEPA one-year statute of

17   limitations.  The fact that petitioner disagreed with the Court of Appeal's decision

18   – which he became aware in 1998 or 1999 – does not demonstrate 'extaordinary

19   circumstances beyond [his] control ma[de] it impossible to file a petition on

20   time," *Smith v. Ratelle*, 323 F.3d 813, 819 (9th Cir. 2003).   Petitioner has not,

21   therefore, demonstrated that he is entitled to equitable tolling.

22       For these reasons, the Court concurs with and adopts the conclusions of the

23   Magistrate Judge.

24       IT IS ORDERED that a Judgment be entered dismissing the instant Petition

25   for Writ of Habeas Corpus with prejudice as barred by the statute of limitations.

26   ///

27   ///

28

1         IT IS FURTHER ORDERED that the Clerk shall serve forthwith a copy of

2    this Order and the Judgment of this date on petitioner.

3

4    DATED: October 30, 2009

5

6    _____

7    MARGARET M. MORROW
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28